PEDRO ROMÁN CINTRÓN, Appellant, *v.* THE REGISTRAR OF PROPERTY OF UTUADO, Respondent.

No. 1062. Submitted January 8, 1940.—Decided January 10, 1940.

*J. Córdova Rivera* and *L. Mercader,* for appellant. The Registrar appeared by brief.

Mr. Justice Hutchison delivered the opinion of the Court.

The owner of an undivided interest in property, which had been sold for taxes, presented in a registry of property: a certified copy of the certificate of sale; an affidavit setting forth his efforts to redeem the property in the ordinary way; and an affidavit by the editor of a newspaper as to publication of the notice required by Act 137, approved May 6, 1939, p. 674, entitled: "An Act to regulate the procedure that should be followed in case the whereabouts of the person to whom a property was sold at auction for the payment of taxes is not known, or if he is not found at the place set forth in the certificate of sale, and for other purposes."

The registrar refused to compute the amount of redemption money due and to issue a certificate of redemption as required by Section 349 of the Political Code, as amended in 1910. See Section 3015, Compiled Statutes and Codes, 1911. The reasons assigned for this refusal were in substance these:

The certificate of sale was issued November 4, 1938. Redemptioner attempted to redeem April 12, 1939, but was unable to find the purchaser at the tax sale, who had left the island for the States— or to ascertain the address of such purchaser. The redemptioner then published the notice required by the Act of May 6, 1939. This notice was published November 2, 9, 16, 22 and 30. The statutory period of one year had not been interrupted by the publication and the right of redemption was barred.

Section 348 of the Political Code provides for redemption "within the period of one year from the date of the certificate of purchase by paying to the purchaser his money, with annual interest at the rate of twelve per cent, together with all costs incurred and taxes due". This provision

presupposes the possibility of payment. The Section next specifies the rights of the redemptioner "upon payment of the said amounts." It is silent as to what the result shall be in case redemptioner should be unable to find the purchaser at his "residence" as indicated in the certificate of purchase. It does not follow, however, that the redemptioner was without a remedy even before the enactment of the Law of 1939.

Section 7 of the Civil Code reads as follows:

"Any court which shall refuse to render a decision on the pretext of silence, obscurity or unintelligibility of the laws, or for any other reason, shall be held liable therefor.

"When there is no statute applicable to the case at issue, the court shall decide in accordance with equity, which means that natural justice, as embodied in the general principles of jurisprudence and in accepted and established usages and customs, shall be taken into consideration."

■ It is hardly conceivable that the Legislature, by conferring upon the owner a right to redeem within one year from the date of the certificate of purchase, intended that the purchaser at a tax sale could defeat that right by a change of residence within the year, or by absenting himself temporarily or otherwise before the expiration of that year from the "residence" indicated in the certificate of purchase. The intention of the Legislature in the Act of 1939 was to supply a deficiency in Sections 348 and 349 of the Political Code, not by creating a remedy where none existed before, but by relieving the redemptioner from the necessity of resorting to the courts, and providing for him a simplified and more direct alternative. Section 1 of that Act provides that:

"When the taxpayer whose property has been sold for the payment of taxes wishes to redeem it and is ignorant of the domicile of the person to whom it was sold, or does not find him at the domicile stated in the certificate of sale, he shall publish a notice to that effect in a newspaper of general circulation, once a week for thirty (30) days, and he shall also post it for one month in the office of the internal revenue

collector where the property was sold, offering the sum paid by the person to whom the property was adjudicated, and the interest thereon up to the day the money was judicially deposited; and, at the expiration of the period, he shall make the judicial deposit in the proper registry of property in the manner and for the purposes determined in Section 349 of the Political Code.''

██ The owner or taxpayer has the right, under Section 348, to redeem by payment at any time within a year from the date of the certificate of sale. He may exercise this right on the last day of that year as well as at any other time within the year. If he waits until the eleventh hour of the last day of the year and then is unable to find the purchaser, he is put to the additional trouble and expense of notice by publication. It may be conceded that he must act within a reasonable time. He is not required, either to begin or to finish publication before the expiration of one year from the date of the certificate of purchase. That is neither the letter nor the spirit of the law.

(4) When the taxpayer (italics ours) ''is ignorant of the domicile of the person to whom it was sold, or does not find him at the domicile stated in the certificate of sale, he shall publish a notice to that effect in a newspaper of general circulation, *once a week for thirty (30) days,* and he shall also post it *for one month* in the office of the internal-revenue collector where the property was sold, offering the sum paid by the person to whom the property was adjudicated, and the interest thereon up to the day the money was judicially deposited; and, *at the expiration of the period,* he shall make the judicial deposit in the proper registry of property in the manner and for the purposes determined in Section 349 of the Political Code.'' When the purcharser can be found, a tender must be made within the year and on his refusal to accept the money, the procedure prescribed by Section 349 of the Political Code must be followed. By the terms of that Section ''If the aforesaid purchaser, his heirs or assigns, refuse to accept the tender of redemption money

so made, the person so tendering the same shall repeat the tender in the presence of at least two witnesses, and if the tender be again refused, the said person and witnesses shall make oath, before the registrar of property who recorded the certificate of attachment, that due tender of the lawful amount of redemption money has been made and refused.'' When the purchaser cannot be found, publication must be made once a week for thirty days and the notice must be posted ''for one month in the office of the internal-revenue collector where the property was sold''. It is at the expiration of this period—not within the year prescribed for payment when the purchaser can be found—that the taxpayer must make his deposit in the registry of property.

The ruling appealed from must be reversed with instructions to make the computation and to issue the certificate prescribed by Section 349 of the Political Code.